STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-05-019

THE YORK INDEPENDENT, LLC,

Plaintiff

v.

TOWN OF YORK,

Defendant

**ORDER
AND
DECISION**

On July 13, 2004 the Town of York hired Ryan Hada as its interim town manager pursuant to a written employment contract. The contract was for one year with a review of Mr. Hada's performance after three months and again after six months. A determination regarding permanent status would be made after nine months of employment. For the first six months Mr. Hada would serve as a probationary employee whose employment could be terminated for any reason. During the final six months of the contract he could only be fired "for unsatisfactory performance after the probationary period."

During the week before the Selectmen's meeting of January 11, 2005 the agenda for that meeting was prepared. The final item, 05-11(10) was described as follows:

> Ordered, to enter into Executive Session pursuant to MRSA Title 1, Section 405,6.A & Section 405,6.C (Discussion and action regarding Interim Town Manager (ITM), ITM contract and its milestones; and the hiring process and plans for the regular position of Town Manager and Real Estate).

When the final agenda item was reached and a motion was made to go into executive session a heated dispute arose among the selectmen. The result was a 3-2 vote to hold an executive session. The two dissenting selectmen chose

not to participate in the executive session. After some confusion and a modest delay an executive session of approximately three to six minutes was held. The three participating selectmen returned and a selectman moved to terminate Mr. Hada's employment. Without discussion the motion was approved with three votes in favor, one abstention by a selectman who had opposed the executive session and not participated and with one selectman absent. That selectman had also opposed the executive session and had left after the decision was made to proceed with an executive session.

The York Independent, LLC, is the publisher of the *York Independent* newspaper and had extensively covered activities in the Town of York including the actions of the Board of Selectmen. A reporter from the newspaper was present on January 11, 2005 and both she and the publisher were concerned that the state's freedom of access laws regarding public proceedings, see 1 M.R.S.A. §§401 -- et seq., were being violated in several important aspects. The York Independent, LLC, filed suit, an abbreviated discovery period was agreed to and an expedited hearing was held. The dispute in this case involves provisions of 1 M.R.S.A. §405 governing executive sessions. Section 405 states that bodies or agencies such as the York Board of Selectmen may hold executive sessions but only subject to a series of conditions. In addition to the specific restrictions the Legislature has stated initially that, "These sessions shall not be used to defeat the purposes of this subchapter as stated in Section 401." 1 M.R.S.A. §405(1). Section 401 states,

> The Legislature finds and declares that public proceedings exist to aid in the conduct of the people's business. It is the intent of the Legislature that their actions be taken openly and that the records of the their actions be open to public inspection and their deliberations be conducted openly. It is further the intent of the Legislature that clandestine meetings,

conferences or meetings held on private property without proper notice and ample opportunity for attendance by the public not be used to defeat the purposes of this subchapter.

This subchapter shall be liberally construed and applied to promote its underlying purposes and policies as contained in the declaration of legislative intent.

The disputed agenda item stated that the purpose of the executive session included "Discussion and action regarding Interim Town Manager." Both the dissenting selectmen and the newspaper are correct that "No ... official actions shall be finally approved at executive sessions." See 1 M.R.S.A. §405(2). A concern was expressed that the agenda item was illegal in that it called for action in executive session.

The agenda item was described by its primary proponent as an attempt to indicate that he wanted to preserve the option of acting in public session following any executive session. Given that no official actions were finally approved in executive session Selectman Marshall's description of the intent of the agenda item regarding "action" is convincing. It would have been clearer to state "Discussion in executive session and any official actions in open session" but that more detailed phrasing is not required.

The next issue is whether the agenda item and the companion motion to go into executive session indicated "the precise nature of the business of the executive session and include(d) a citation of one or more sources of statutory or other authority that permits an executive session for that business." 1 M.R.S.A. §405(4). Also see *Vella v. Town of Camden*, 677 A.2d 1051, 1054-5 (Me. 1996) for the suggestion that a detailed statement of the precise nature of the business is not necessary. It is true that neither the agenda item nor the motion of Mr. Marshall stated directly that the possible firing of Mr. Hada was going to be

3

discussed. The motion made clear that the Board would discuss matters of employment involving Mr. Hada but did not explicitly mention dismissal. It was clear that the motion was to go into executive session to discuss the "business of" Mr. Hada's employment status. In the context of a probationary employee that was sufficiently precise. Likewise, no violation of the requirement that "No other matters may be considered in that particular executive session" occurred. 1 M.R.S.A. §405(5).

The final legal issue is whether deliberations could have been conducted in executive session. While none were, discussions could have been held as a discussion of dismissal could have taken place and a public discussion could have been "reasonably expected to cause damage to the reputation" of Mr. Hada. 1 M.R.S.A. §405(6)(A)(1). Regardless of whether Mr. Hada was being "investigated" and had a right pursuant to 1 M.R.S.A. §405(6)(A) to either be present in the executive session or to require a public discussion he did not ask either orally or in writing, either directly or through a Selectman who supported him, either to be present in the executive session or to hold the session in public.

It is unfortunate that a high level of distrust has developed among honorable people who each, in their own way, is attempting to serve the public. I find no violation of the freedom of access provisions though the majority of the Selectmen could have proceeded differently in ways that would not have increased suspicion and distrust.

The majority of the then Selectmen honestly believed that Mr. Hada should not continue as interim town manager and that someone else should be hired. As Mr. Hada was still in his probationary status the Selectmen were not required to have a reason for those conclusions but they did have reasons. Had

4

the majority indicated more precisely that termination was a possible outcome, discussed those reasons in executive session and conducted more than a perfunctory vote in the public session greater confidence in their decision might have existed. The Selectman followed the requirements of state law and did not decide in advance what the outcome was going to be. Each separate decision to terminate Mr. Hada's employment was based on an individual judgment that such a result was in the best interest of the Town just as the contrary opinions of the dissenting Selectmen were based on their best judgment.

The entry is:

Judgment for the defendant. The Superior Court determines that no violations of the Freedom of Access statute, 1 M.R.S.A. §§401-et seq. occurred.

Dated:     May 13, 2005

Paul A. Fritzsche
Justice, Superior Court

PLAINTIFF:
Sigmund Schutz, Esq
PO Box 9546
Portland Me   04112-9546

DEFENDANT:
Durward Parkinson, Esq.
62 Portland Rd
Kennebunk Me. 04043